UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

ELVIS GELL,                                                  **COMPLAINT**
BETTY GELL, and
ELVIS GELL JR,                                              **JURY TRIAL DEMANDED**

Plaintiffs,

-against-

DETECTIVE FRANCIS CONEJO BADGE #1910, and
UNIDENTIFIED POLICE OFFICERS, all sued in their
capacity as individuals

Defendants.

----------------------------------------------------------------------------- X

Plaintiffs ELVIS GELL, BETTY GELL and ELVIS GELL Jr., by their attorney, Fred

Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein,

respectfully allege as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as the plaintiffs

allege federal causes of action pursuant to 42 USC § 1983, via violation of their Fourth

Amendment rights as well as for violation of their right to due process pursuant to the

Fourteenth Amendment.

2.    Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391

(b)(2) as this district is where the actions giving rise to this litigation occurred.

## THE PARTIES

3.    The plaintiffs, ELVIS GELL, BETTY GELL and ELVIS GELL Jr., are Hispanic adults

and they are all residents of New York County in the City and State of New York.

4.    The defendants, DETECTIVE FRANCIS CONEJO BADGE #1910, as well as

UNIDENTIFIED POLICE OFFICERS, were at all times relevant, members of the New York City Police Department (NYPD) and are sued herein in their capacity as individuals and as state actors acting under of the color of law.

### The Nature of the Case

5.   This action arises due to the deprivation of plaintiffs' constitutional rights by the defendants, who subjected plaintiffs to violations of their Fourth Amendment rights via the use of excessive, unreasonable and unnecessary force against Elvis Gell and Elvis Gell Jr.; excessive force via excessively tightened handcuffs against Elvis Gell and Betty Gell; false arrest against Betty Gell; an unreasonable search resulting in the destruction and deprivation of their property as to all plaintiffs; and violation of Ms. Gell's right to privacy.

6.   As the defendants at all times relevant were on duty New York City police officers they were at all times relevant state actors acting under color of state law.

### FACTS UNDERLYING
### PLAINTIFFS' CLAIMS FOR RELIEF

7.   On February 6, 2020 at approximately 6:00 am, Defendant Detective Francis Conejo along with his Co-Defendants Unidentified Police Officers forcefully entered the Gell residence located in Manhattan in the City and State of New York.

8.   Plaintiffs were all handcuffed and taken from different parts of their apartment into their living room.

9.   Plaintiff Elvis Gell was in the kitchen, Plaintiff Betty Gell was in her bedroom, and Plaintiff Elvis Gell Jr was in his bedroom when the defendants broke into their apartment.

-2-

10.    Plaintiffs were questioned extensively about drugs and weapons despite the fact that there were no illegal drugs or weapons in their apartment.

11.    When Ms. Gell asked to see what evidence the officers had of her involvement with drugs and weapons, the officers laughed responding "we don't have evidence but we will find it."

12.    The defendants informed the plaintiffs that they were being arrested for selling drugs.

13.    The defendants confiscated two bottles of prescribed medications, a cellphone, money and personal documents, all of which have still not been returned to them more than a year after the false charges brought against them were dismissed and none of the items seized are contraband; proceeds from a crime; or evidence of a crime.

14.    Elvis Gell was not arrested but his wife and son here brought to the 33rd precinct on the false charges alleging they were selling drugs.

15.    The defendants needlessly damaged plaintiffs' residence including, but not limited to, making a hole in the wall; and breaking closet doors in their futile search for the non existent drugs and guns.

**Elvis Gell**

16.    On February 6, 2020 at approximately 6 am, Elvis Gell was making coffee before work when several officers entered his home.

17.    Two NYPD officers entered the kitchen and forcefully brought Elvis Gell to the floor causing him to land painfully on his knees before placing overly tightened handcuffs on him.

18.    The defendants, for no legitimate law enforcement purpose, kneed Mr. Gell in the back and continued to do so despite him explaining he had recently undergone back surgery,

and they ignored his complaints and continued to inflict pain on Mr. Gell exacerbating his problems with his already injured back.

19.   Elvis Gell's handcuffs were overly tightened causing him great pain.

20.   When Betty Gell, saw what the defendants were doing to her husband she implored them to loosen Mr. Gell's cuffs; to no avail.

21.   Since this incident, Plaintiff  Elvis Gell has had to undergo pain management sessions for his back and knee.

**Betty Gell**

22.   Plaintiff Betty Gell was sleeping when the sounds the defendants made as they entered the apartment woke her up.

23.   NYPD officers entered into Ms. Gell's bedroom and proceeded to point a gun at her as she frantically asked what was happening while showing the officers her hands.

24.   With drawn guns, NYPD Officers asked Mrs. Gell to be seated on her bed so they could handcuff her.

25.   Mrs. Gell cooperated without resisting.

26.   Ms. Gell then informed the officers repeatedly that her handcuffs were too tight, to which the NYPD officers responded, "they are not meant to make you comfortable."

27.   After she was handcuffed the defendants grabbed Ms. Gell by the arm taking her to the living room.

28.   The officers began questioning Betty Gell about where "the drugs were."

29.   When plaintiff informed the officers there were no drugs, the officers responded by telling her " it would be easier if you told us where the drugs are."

30.    After Ms. Gell informed the officers several times she had no illegal drugs in her home officers began to question her about possession of a gun.

31.    Plaintiff repeatedly told officers "she never had weapons or drugs in her home."

32.    Ms. Gell asked to see the purported evidence officers had spoken about, and in response, the officers laughed at her and stated "we don't have evidence but we will find it."

33.    Ms. Gell informed the officer she had legally prescribed percocets for joint pain and told the where the pills were located within her residence.

34.    The officers proceeded to the bedroom, retrieving the 2 percocet containers of around 90 pills each from the nightstand.

35.    The defendants found a small safe in Betty Gell's closet, asked Ms. Gell for the safe's code and proceeded to open it and take all the within items including money and personal documents.

36.    Plaintiff asked officers if she could use the bathroom before being taken to the precinct, after being denied 3 times officers agreed to let her use the bathroom with the door open while the male officer stood outside able to see her exposed private parts.

37.    The defendants indicated to Ms. Gell that they were there for her and they believed that she was a drug dealer, yet despite knowing they would be arresting a woman, they failed to bring a female officer with them.

38.    Ms. Gell was taken first to the 30th precinct and then to central booking where she informed officers  she was feeling ill and had hip pain.

39.    Plaintiff's blood pressure was measured and results were extremely high causing her to be transported to the hospital.

40. Ms. Gell was taken to Presbyterian Hospital, while still in custody, and given medication and she was observed to regulate her reaction to the newly prescribed drugs.

41. While Ms. Gell was still in the hospital the accompanying officer received a call and informed Ms. Gell she was "lucky because the judge dismissed her case for lack of evidence."

42. When Ms. Gell asked her accompanying officer for help to get home as she did not have any money, phone or a metrocard, the officer responded "that's not my problem."

43. Ms. Gell walked in the rain and cold to the train station without an umbrella or jacket.

44. Ms. Gell then waited until someone agreed to swipe her into the train station to get home.

45. Since this incident Ms. Gell suffers from anxiety, depression and extreme joint pains and she has needed to see a pain management doctor and she suffers from debilitating anxiety.

**Plaintiff Elvis Gell Jr.**

46. Plaintiff Elvis Gell Jr. was in his room sleeping when he heard a loud bang coming from the front door.

47. As plaintiff was getting up to check on the noise five officers entered his room with their guns drawn.

48. Plaintiff frantically put his hands up in an attempt to show he was unarmed and was not a threat and the defendant officers proceeded to throw plaintiff to the floor and knee him in the back.

49. Once handcuffed officers brought him to the living room to join the rest of his family.

50. Elvis Gell Jr. was later brought into his room and questioned about the possession of drugs and weapons.

51.    Officers insisted on questioning Plaintiff to which he responded he did not have any

       drugs or have any knowledge of drugs in his home.

52.    Elvis Gell Jr politely asked the officers to be careful with his things as he saw them

       destroying them carelessly but he was ignored.

53.    Elvis Gell Jr. was once again brought back to the living room while officers continued to

       search his room and the rest of his home.

54.    When officers had finished searching his home they brought Elvis Gell Jr to his room and

       handed him clothing to put on in order to be transported.

55.    Plaintiff was taken to the 33 precinct, then transported to the Bronx County Criminal

       Court where he was seen by a Judge and asked to pay a fine.

56.    Elvis Gell Jr. had no way of getting home and waited till someone gave him a ride on the

       train.

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFFS**
**VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO**
**42 U.S.C.§ 1983 AND THE FOURTH AMENDMENT**
**VIA THE USE OF EXCESSIVE**
**AND UNREASONABLE FORCE**

57.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior

       paragraphs with the same force and effect as is more fully and at length set forth herein.

58.    Plaintiffs' rights have been violated under the Fourth Amendment of the United States

       Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42

       U.S.C. § 1983, in that the plaintiffs were unlawfully subjected to excessive and

       unreasonable force, by the defendants.

59.   Elis Gell was subjected to having on officer sit with his knee on his injured back despite said officer being informed he already suffered from a bad back.

60.   Elvis Gell and Betty Gell suffered due to the officers refusing to loosen their overly tightened handcuffs.

61.   Elvis Gell Jr. was subjected to being unnecessarily thrown to the floor and having officers knee him in the back.

62.   All three of the plaintiffs suffered from pain and suffering due to the unnecessary use of excessive and unreasonable force causing them varied degrees of injuries.

63.   By reason of the unlawful use of excessive, unreasonable force, the plaintiffs were harmed physically, and they were all subjected to physical pain, humiliation, embarrassment, anxiety, various ongoing physical harms, and they were emotionally and otherwise harmed.

64.   By reason of the aforesaid, the plaintiffs have been damaged in the sum of **FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS** each, and by reason of the malicious and reckless behavior of the defendants the plaintiffs are entitled to awards of punitive damages, and awards of attorneys' fees are appropriate pursuant to 42 U.S.C.§1988.

**AS AND FOR A SECOND CAUSE OF ACTION BEHALF OF
PLAINTIFFS VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO 42 U.S.C.
§ 1983 AND THE FOURTH AMENDMENT VIA
FAILURE TO INTERVENE TO PREVENT
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

65.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

66.     Plaintiffs' rights have been violated under the Fourth Amendment of the United States
        Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42
        U.S.C. § 1983, in that the individual defendants had a reasonable opportunity to intervene
        to prevent the various uses of excessive force against the plaintiffs, which were ongoing
        for a sufficient length of time to allow them to intervene, and such use of force was
        committed in their presence, and they failed to intervene, causing and allowing plaintiffs
        to be injured further.

67.     The excessive force to which the plaintiffs were subjected and which the defendants
        failed to intervene to prevent was effected by the defendants without authority of law and
        without necessity to use any force, much less the excessive, unreasonable force they
        employed and the force employed was without plaintiffs' consent, with malice and with
        an intent to inflict pain and suffering.

68.     As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and
        immunities under the Fourth Amendment of the United States Constitution, being more
        particularly plaintiff's right to be free from the use of excessive and unreasonable force.

69.     By reason of the unlawful use of excessive, unreasonable force, the plaintiffs were
        harmed physically and emotionally and they were otherwise harmed.

70.     By reason of the aforesaid, the plaintiffs have been damaged in the sum of THREE
        HUNDRED THOUSAND ($300,000.00) DOLLARS each, and by reason of the
        malicious and reckless behavior of the defendants the plaintiffs are entitled to awards of
        punitive damages, and awards of attorneys' fees are appropriate pursuant to 42 U.S.C.
        §1988.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFF BETTY GELL
VIOLATION OF THE FOURTH AMENDMENT AND 42 U.S.C.§ 1983
VIA FALSE ARREST**

71.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

72.    Plaintiff Betty Gell's rights have been violated pursuant to the Fourth Amendment of the

United States Constitution made applicable to the states by virtue of the Fourteenth

Amendment and brought before this Court pursuant to 42 U.S.C. § 1983, due to her being

falsely arrested by the defendants.

73.    The plaintiff was confined by defendants; defendants intended to confine the plaintiff;

plaintiff was conscious of her confinement; and the plaintiff did not consent to the

confinement which was not otherwise privileged.

74.    As a direct consequence of defendants' actions, the plaintiff was deprived of rights,

privileges and immunities pursuant to the Fourth Amendment as made applicable to the

states via the Fourteenth Amendment of the United States Constitution and more

particularly, her right to be free from arrest without probable cause.

75.    Among other invasions of her privacy, offenses to her dignity and violations of her

rights, the plaintiff was subjected to being handcuffed, searched, confined, insulted,

humiliated, emotionally harmed, viewed by males while partially nude and embarrassed

and she was otherwise harmed.

76.    By reason of the aforesaid, the plaintiff has been damaged and she is entitled to

compensatory damages in a sum not less than FIVE HUNDRED THOUSAND

($500,000.00) DOLLARS and punitive damages in an amount to be determined at trial and awards of attorneys' fees are appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF THE FOURTH AMENDMENT AND 42 U.S.C.§ 1983
VIA AN UNREASONABLE SEARCH AND SEIZURE**

77. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

78. Defendants have violated plaintiffs' rights pursuant to the Fourth amendment by conducting an unreasonable search and seizure of their property which included the unnecessarily destroying and illegally seizing some of plaintiff's property.

79. By reason of the aforesaid, the plaintiffs have been damaged in an amount to be determined at trial and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A FIFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF BETTY GELL
VIOLATION OF THE FOURTEENTH AMENDMENT AND 42 U.S.C.§ 1983
VIA AN INVASION OF PRIVACY**

80. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

81. Defendants have violated Betty Gell's rights pursuant to the Fourteenth Amendment by invading her privacy by unnecessarily forcing her to expose her body to male officers.

82. Among other invasions of her privacy, offenses to her dignity and violations of her rights, the plaintiff was subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed, viewed by males while partially nude and embarrassed and she was otherwise harmed.

83.     By reason of the aforesaid, the plaintiff has been damaged and she is entitled to compensatory damages in a sum not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages in an amount to be determined at trial and awards of attorneys' fees are appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered as follows:

(A)     Declaratory relief finding that Plaintiffs' rights under the United States Constitution were violated;

(B)     Compensatory damages of FIVE HUNDRED, $5,000,000.00) DOLLARS each;

(C)     By reason of the wanton, willful and malicious character of the conduct complained of herein, Plaintiffs are entitled to awards of punitive damages;

(D)     An award to Plaintiffs of the costs and disbursements herein;

(E)     An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F)     Such other and further relief as this Court may deem just and proper.

Dated: December 1, 2021
          New York, New York

                                    _____/ s /_____
                                    Fred Lichtmacher
                                    The Law Office of Fred Lichtmacher P.C.
                                     *Attorneys for Plaintiffs*
                                    116 West 23rd Street Suite 500
                                    New York, New York 10011
                                    (212) 922-9066

To:     DETECTIVE FRANCIS CONEJO BADGE #1910
          46th Precinct, Patrol Borough Bronx
          2120 Ryer Avenue
          Bronx NY 1047