USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____3/29/2022____



**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**SEEMA KASSAB**
Assistant Corporation Counsel
Phone: 212-356-0827
skassab@law.nyc.gov

March 28, 2022

**BY ECF**
Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

ENDORSEMENT: Request GRANTED. The telephonic initial conference is hereby adjourned to Wednesday, September 21, 2022, 2:00 p.m. SO ORDERED.
Dated: March 29, 2022

Re:   Elvis Gell, Betty Gell, and Elvis Gell Jr v. Detective Francis Conejo Badge #1910, and unidentified police officers
21 CV 10225 (JPC) (SDA)

Your Honor:I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for the Interested Party the Corporation Counsel of the City of New York.[1]  In that capacity, and for the reasons set forth below, this Office writes to respectfully request an adjournment of the initial conference currently scheduled for March 30, 2022 at 2 pm to a date and time convenient for the Court after September 16, 2022. This is the second request for an adjournment of the initial conference in this case [2], but the first request by this Office. Plaintiffs' counsel, Fred Lichtmacher, consents to this request. Upon information and belief, this extension will not affect any other Court-ordered deadlines in this litigation.  As an initial matter, the undersigned apologizes for the belatedness of this request, however, it was not until today, March 28, 2022 that the undersigned first learned of this case and was assigned same.

By way of background, plaintiffs bring this action, pursuant to 42 U.S.C. § 1983, alleging *inter alia*, excessive force, failure to intervene, false arrest, unreasonable search and seizure, and invasion of privacy related to the arrest of Elvis Gell Jr. and Betty Gell on February 6, 2020.  As previously noted, the only defendant named in this case is New York City Police

---

[1] The City of New York is not named as a defendant in this matter and, to date, this Office has not yet had an opportunity to resolve representation with the only individual named defendant, Detective Francis Conejo.
[2] Prior to this Office having knowledge of the instant matter, it appears that plaintiff's counsel requested an adjournment of the initial conference, which was granted. See Docket Entry Nos. 8 & 9.

Department Detective Francis Conejo badge #1910.  As Your Honor might recall, on December 2, 2021, this case was designated for participation in Local Civil Rule 83.10 ("the Plan").  <u>See</u> Docket Entry 2/21/21.  Unfortunately, because the City is not named as a defendant in this case and neither a courtesy copy of the complaint nor a copy of the relevant NYPL Section 160.50 releases were served on this office, upon information and belief, it was not until March 17, 2022, that this Office first became aware of this case when plaintiffs' counsel reached out to a colleague to inform her of this case.

Notwithstanding, per the Plan, at the time the plaintiff serves the complaint, plaintiff must serve on the City a § 160.50 Release for sealed arrest records for the arrest that is the subject of the complaint, and for a list of all prior arrests.  If the § 160.50 Release is served on the City after the complaint is first served on a defendant, each defendant will have the greater of (i) 60 days from the date the § 160.50 Release is served on the City, or (ii) the date by which the first-served defendant must answer, to answer the complaint. See <u>Local Civil Rule 83.10 at §§ 1-3</u>.  Additionally, the parties are to have their Rule 26(f) conference within 14 days after the first defendant files its answer; initial disclosures should be exchanged within 21 days after the first defendant files its answer; and the limited discovery required under the Plan must be completed within 28 days after the first defendant files its answer.  <u>See</u> Local Civ. R. 83.10 §§ 4-5.  All other discovery is stayed, and the parties shall engage in settlement discussions and either have a settlement conference with a Magistrate Judge or a mediation session with a Southern District mediator within 14 weeks after the first defendant files its answer.  <u>See</u> S.D.N.Y. Local Civ. R. 83.10 §§ 5, 7-8.  The City respectfully requests that the Plan be allowed to run its course before engaging in an initial conference.

In the instant case, it appears that on December 21, 2021, defendant Conejo was served with the complaint and §160.50 releases, however, the City was never notified of this case until March 17, 2022 and it was not until today, March 28, 2022, upon contacting plaintiffs' counsel about this case, that we received the relevant §160.50 releases.

In light of the above, it is respectfully requested that the initial conference currently scheduled for March 30, 2022 at 2 p.m. be adjourned until a date following the conclusion of the mediation as set forth in in Local Civil Rule 83.10(8).  Since the City received the §160.50 releases on March 28, 2022, per the Plan, it appears mediation should be completed by September 16, 2022.  Again, the undersigned apologizes for any delay and assures the Court we will be working diligently to move this litigation forward.

I thank the Court for its time and consideration.

Respectfully submitted,

*Seema Kassab*

Seema Kassab
Assistant Corporation Counsel
Special Federal Litigation Division

cc: **<u>BY ECF</u>**
  Fred Lichtmacher
  *Attorney for Plaintiff*