UNITED STATES DISTRICT COURT                    21-cv-10225-JPC-SDA
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
ELVIS GELL,                                                    **AMENDED COMPLAINT**
BETTY GELL, and
ELVIS GELL JR,                                                 **JURY TRIAL DEMANDED**
                                              Plaintiffs,
              -against-

DETECTIVE FRANCIS CONEJO BADGE #1910,
DETECTIVE  JOSE SALCEDO,
POLICE OFFICER MICHAEL DAPPOLONIA,
SERGEANT ANIS NIKOCEVIC
and UNIDENTIFIED POLICE OFFICERS, all sued in their
capacity as individuals
                                              Defendants.
----------------------------------------------------------------------------- X

        Plaintiffs ELVIS GELL, BETTY GELL and ELVIS GELL Jr., by their attorney, Fred

Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein,

respectfully allege as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as the plaintiffs

allege federal causes of action pursuant to 42 USC § 1983, via violation of their Fourth

Amendment rights as well as for violation of Betty Gell's due process rights pursuant to the

Fourteenth Amendment.

2. Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2)

as this district is where the actions giving rise to this litigation occurred.

### THE PARTIES

3. The plaintiffs, ELVIS GELL, BETTY GELL and ELVIS GELL Jr., are Hispanic adults

and they are all residents of New York County in the City and State of New York.

4. The defendants, DETECTIVE FRANCIS CONEJO BADGE #1910, DETECTIVE  JOSE

SALCEDO, POLICE OFFICER MICHAEL DAPPOLONIA,  SERGEANT ANIS NIKOCEVIC

as well as UNIDENTIFIED POLICE OFFICERS, were at all times relevant, members of the

New York City Police Department (NYPD) and are sued herein in their capacity as individuals

and as state actors acting under of the color of law.

## The Nature of the Case

5. This action arises due to the deprivation of plaintiffs' constitutional rights by the defendants,

who subjected plaintiffs to violations of their Fourth Amendment rights via the use of excessive,

unreasonable and unnecessary force against Elvis Gell and Elvis Gell Jr.; excessive force via

excessively tightened handcuffs against Elvis Gell and violation of Betty Gell's right to

privacy pursuant to the due process clause of the Fourteenth Amendment as well as an

unreasonable search resulting in the destruction of the plaintiffs' property and deprivation of their

property as to all plaintiffs.

6. As the defendants at all times relevant were on duty as New York City police officers they

were at all times relevant state actors acting under color of state law.

## FACTS UNDERLYING
## PLAINTIFFS' CLAIMS FOR RELIEF

7. On February 6, 2020 at approximately 6:00 am, Defendant Detective Francis Conejo,

Detective  Jose Salcedo, Police Officer Michael Dappolonia,  Sergeant Anis Nikocevic as Well

as Unidentified Police Officers forcefully entered the Gell residence located in Manhattan in the

City and State of New York.

8. Plaintiffs were all handcuffed and taken from different parts of their apartment into their

living room.

9. Plaintiff Elvis Gell was in the kitchen, Plaintiff Betty Gell was in her bedroom, and Plaintiff Elvis Gell Jr was in his bedroom when the defendants broke into their apartment.

10. Plaintiffs were questioned extensively about drugs and weapons.

11. When Ms. Gell asked to see what evidence the officers had of her involvement with drugs and weapons, the officers laughed responding"we don't have evidence but we will find it."

12. The defendants informed the plaintiffs that they were being arrested for selling drugs.

13. The defendants confiscated prescribed medications, a cellphone, money and personal documents, all of which have still not been returned to them more than a year after the charges brought against Betty Gell were dismissed.

14. Elvis Gell was not arrested but his wife and son here brought to the 33rd precinct on the false charges alleging they were selling drugs.

15. The defendants needlessly damaged plaintiffs' residence including, but not limited to, making a hole in the wall; and breaking closet doors in their search for guns.

**Elvis Gell**

16. On February 6, 2020 at approximately 6 am, Elvis Gell was making coffee before work when several officers entered his home.

17. Two NYPD officers entered the kitchen and forcefully brought Elvis Gell to the floor causing him to land painfully on his knees before placing overly tightened handcuffs on him.

18. The defendants, for no legitimate law enforcement purpose, kneed Mr. Gell in the back and

continued to do so despite him explaining he had recently undergone back surgery, and they ignored his complaints and continued to inflict pain on Mr. Gell exacerbating his problems with his already injured back.

19. Elvis Gell's handcuffs were overly tightened causing him great pain.

20. When Betty Gell, saw what the defendants were doing to her husband she implored them to loosen Mr. Gell's cuffs; to no avail.

21. Plaintiff Elvis Gell has had to undergo pain management sessions for his back and knee.

**Betty Gell**

22. Plaintiff Betty Gell was sleeping when the sounds the defendants made as they entered the apartment woke her up.

23. NYPD officers entered into Ms. Gell's bedroom and proceeded to point a gun at her as she frantically asked what was happening while showing the officers her hands.

24. With drawn guns, NYPD Officers asked Mrs. Gell to be seated on her bed so they could handcuff her.

25. Mrs. Gell cooperated without resisting.

26. Ms. Gell then informed the officers repeatedly that her handcuffs were too tight, to which the NYPD officers responded, "they are not meant to make you comfortable."

27. After she was handcuffed the defendants grabbed Ms. Gell by the arm taking her to the living room.

28. Plaintiff repeatedly told officers "she never had weapons in her home."

29. Ms. Gell asked to see the purported evidence officers had spoken about, and in response, the officers laughed at her and stated "we don't have evidence but we will find it."

30. Ms. Gell informed the officer she had legally prescribed percocets for joint pain and told the where the pills were located within her residence.

31. The officers proceeded to the bedroom, retrieving the 2 percocet containers of around 90 pills each from the nightstand.

32. The defendants found a small safe in Betty Gell's closet, asked Ms. Gell for the safe's code and proceeded to open it and take all the within items including money and personal documents.

33. Plaintiff asked officers if she could use the bathroom before being taken to the precinct, after being denied 3 times officers agreed to let her use the bathroom with the door open while the male officer stood outside able to see her exposed private parts.

34. The defendants indicated to Ms. Gell that they were there for her and they believed that she was a drug dealer, yet despite knowing they would be arresting a woman, they failed to bring a female officer with them.

35. Ms. Gell was taken first to the $30_{th}$ precinct and then to central booking where she informed officers she was feeling ill and had hip pain.

36. Plaintiff's blood pressure was measured and results were extremely high causing her to be transported to the hospital.

37. Ms. Gell was taken to Presbyterian Hospital, while still in custody, and given medication and she was observed to regulate her reaction to the newly prescribed drugs.

38. While Ms. Gell was still in the hospital the accompanying officer received a call and informed Ms. Gell she was "lucky because the judge dismissed her case for lack of evidence."

39. When Ms. Gell asked her accompanying officer for help to get home as she did not have any money, phone or a metrocard, the officer responded "that's not my problem."

40. Ms. Gell walked in the rain and cold to the train station without an umbrella or jacket.

41. Ms. Gell then waited until someone agreed to swipe her into the train station to get home.

42. Since this incident Ms. Gell suffers from anxiety, depression and extreme joint pains and she has needed to see a pain management doctor and she suffers from debilitating anxiety.

**Plaintiff Elvis Gell Jr.**

43. Plaintiff Elvis Gell Jr. was in his room sleeping when he heard a loud bang coming from the front door.

44. As plaintiff was getting up to check on the noise five officers entered his room with their guns drawn.

45. Plaintiff frantically put his hands up in an attempt to show he was unarmed and was not a threat and the defendant officers proceeded to throw plaintiff to the floor and knee him in the back.

46. Once handcuffed officers brought him to the living room to join the rest of his family.

47. Elvis Gell Jr. was later brought into his room and questioned about the possession of drugs and weapons.

48. Officers insisted on questioning Plaintiff to which he responded he did not have any drugs or have any knowledge of drugs in his home.

49. Elvis Gell Jr politely asked the officers to be careful with his things as he saw them destroying them carelessly but he was ignored.

50. Elvis Gell Jr. was once again brought back to the living room while officers continued to search his room and the rest of his home.

51. When officers had finished searching his home they brought Elvis Gell Jr to his room and

handed him clothing to put on in order to be transported.

52. Plaintiff was taken to the 33 precinct, then transported to the Bronx County Criminal Court where he was seen by a Judge and asked to pay a fine.

53. Elvis Gell Jr. had no way of getting home and waited till someone gave him a ride on the train.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C.§ 1983 AND THE FOURTH AMENDMENT
VIA THE USE OF EXCESSIVE
AND UNREASONABLE FORCE**

54. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

55. Plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the plaintiffs were unlawfully subjected to excessive and unreasonable force, by the defendants.

56. Elis Gell was subjected to having on officer sit with his knee on his injured back despite said officer being informed he already suffered from a bad back.

57. Elvis Gell and Betty Gell suffered due to the officers refusing to loosen their overly tightened handcuffs.

58. Elvis Gell Jr. was subjected to being unnecessarily thrown to the floor and having officers knee him in the back.

59. All three of the plaintiffs suffered from pain and suffering due to the unnecessary use of

excessive and unreasonable force causing them varied degrees of injuries.

60. By reason of the unlawful use of excessive, unreasonable force, the plaintiffs were harmed physically, and they were all subjected to physical pain, humiliation, embarrassment, anxiety, various ongoing physical harms, and they were emotionally and otherwise harmed.

61. By reason of the aforesaid, the plaintiffs have been damaged in the sum of **FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS** each, and by reason of the malicious and reckless behavior of the defendants the plaintiffs are entitled to awards of punitive damages, and awards of attorneys' fees are appropriate pursuant to 42 U.S.C.§1988.

**AS AND FOR A SECOND CAUSE OF ACTION BEHALF OF**
**PLAINTIFFS VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO 42 U.S.C.**
**§ 1983 AND THE FOURTH AMENDMENT VIA**
**FAILURE TO INTERVENE TO PREVENT**
**THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

62. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

63. Plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the individual defendants had a reasonable opportunity to intervene to prevent the various uses of excessive force against the plaintiffs, which were ongoing for a sufficient length of time to allow them to intervene, and such use of force was committed in their presence, and they failed to intervene, causing and allowing plaintiffs to be injured further.

64. The excessive force to which the plaintiffs were subjected and which the defendants failed to intervene to prevent was effected by the defendants without authority of law and without

necessity to use any force, much less the excessive, unreasonable force they employed and the force employed was without plaintiffs' consent, with malice and with an intent to inflict pain and suffering.

65. As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

66. By reason of the unlawful use of excessive, unreasonable force, the plaintiffs were harmed physically and emotionally and they were otherwise harmed.

67. By reason of the aforesaid, the plaintiffs have been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS each, and by reason of the malicious and reckless behavior of the defendants the plaintiffs are entitled to awards of punitive damages, and awards of attorneys' fees are appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## VIOLATION OF THE FOURTH AMENDMENT AND 42 U.S.C.§ 1983
## VIA AN UNREASONABLE SEARCH AND SEIZURE

68. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

69. Defendants have violated plaintiffs' rights pursuant to the Fourth amendment by conducting an unreasonable search and seizure of their property which included the unnecessarily destroying and illegally seizing some of plaintiff's property.

70. By reason of the aforesaid, the plaintiffs have been damaged in an amount to be determined

at trial and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF BETTY GELL**
**VIOLATION OF THE FOURTEENTH AMENDMENT AND 42 U.S.C.§ 1983**
**VIA AN INVASION OF PRIVACY**

71. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior

paragraphs with the same force and effect as is more fully and at length set forth herein.

72. Defendants have violated Betty Gell's rights pursuant to the Fourteenth Amendment by

invading her privacy by unnecessarily forcing her to expose her body to male officers.

73. Among other invasions of her privacy, offenses to her dignity and violations of her rights, the

plaintiff was subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally

harmed, viewed by males while partially nude and embarrassed and she was otherwise harmed.

74. By reason of the aforesaid, the plaintiff has been damaged and she is entitled to compensatory

damages in a sum not less than FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and

punitive damages in an amount to be determined at trial and awards of attorneys' fees are

appropriate pursuant to 42 U.S.C. §1988.


> **WHEREFORE,** Plaintiffs respectfully requests that judgment be entered as follows:
>
> (A) Declaratory relief finding that Plaintiffs' rights under the United States Constitution
>
> were violated;
>
> (B) Compensatory damages of FIVE HUNDRED, $5,000,000.00) DOLLARS each;
>
> (C) By reason of the wanton, willful and malicious character of the conduct complained
>
> of herein, Plaintiffs are entitled to awards of punitive damages;

(D) An award to Plaintiffs of the costs and disbursements herein;

(E) An award of attorneys' fees pursuant to 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and

proper.

Dated: July 22, 2022
       New York, New York

                                          _____/s/_____
                                          Fred Lichtmacher
                                          The Law Office of Fred Lichtmacher P.C.
                                          *Attorneys for Plaintiff*s
                                          116 West 23rd Street Suite 500
                                          New York, New York 10011
                                          (212) 922-9066


To:    Seema Kassab
       Assistant Corporation Counsel
       100 Church Street
       New York, NY 10007
       212-356-0827
       Email: skassab@law.nyc.gov
       Attorneys for DETECTIVE FRANCIS CONEJO BADGE #1910

To:    DETECTIVE  JOSE SALCEDO, POLICE OFFICER MICHAEL DAPPOLONIA,  and
       SERGEANT ANIS NIKOCEVIC
       46th Precinct, Patrol Borough Bronx
       2120 Ryer Avenue
       Bronx NY 1047